## Case No. 132.

### ALBANY DREDGING CO. v. The GLADIOLUS and The CONCORDIA.[1]

[MS.]

District Court, E. D. Pennsylvania. June 5, 1877.[2]

COLLISION—DREDGE—ADMIRALTY JURISDICTION.

[Cited in The Ceres, Case No. 2,555, to the point that a court of admiralty has jurisdiction over every injury committed on the high seas or navigable waters, the character of the thing injured being immaterial.]

[See note at end of case.]

[In admiralty. Libel in rem for collision by Elijah Brainerd and James G. Ketcham, copartners, trading as the Albany Dredging Company, and owners of the dredge Starbuck, against the tug Gladiolus and the bark Concordia. The case was referred to assessors, whose report is now submitted. Decree for libelants. Affirmed by circuit court, without opinion.]

The tug Gladiolus was towing the bark Concordia down the Schuylkill on Sunday A. M., Dec. 10, 1876, and the latter vessel ran into the dredge Starbuck, which was anchored at the mouth of that river in mid-channel, being pulled out there over Sunday, and held by means of spuds, (i. e., long poles stuck in the mud. The damages to the dredge were assessed at $1,100. The assessors were of opinion (1) that the dredge was in fault for blocking up so much of the channel on Sunday. (2) The tug was in fault for not keeping further to the westward than she did. (3) The bark was in fault for not keeping in the wake of the tug before they got into close proximity with the dredge.

CADWALADER, District Judge. I concur in the opinion as to the dredge; nevertheless I am of opinion that her fault did not so contribute to the collision as to defeat the right of action at the suit of her owners. The decree is in their favor for their damages to be hereafter ascertained, and to be recovered as may be hereafter decreed. The relation of the tug with the bark will also be defined hereafter if it shall be requested.

[The court is, at present, inclined to the opinion that each is liable for half of the damages suffered by the bark.

[On the next day the court intimated a doubt whether any amount could be awarded against the tug, but reserved the point for future consideration, saying that in the mean time the amount of damage suffered by the owners of the dredge should be ascertained.]

[NOTE. This case was affirmed by the circuit court without opinion. It is stated in the citation of this case in The Ceres, Case No. 2,555, that the jurisdiction was sustained against objection. The only reference to this point in the record briefs or argument is the following clause taken from the answer: "That the dam-

ages claimed for injuries to the said dredge are excessive, and, for want of jurisdiction, cannot be recovered in a suit in rem in this court." The citation in The Ceres, Id., is incorrect. It should be No. 2, April Sessions, 1878, instead of 1874.]